ALBANY,
August, 1811.

AUSTIN
v.
BEMISS.

AUSTIN *against* BEMISS, jun. and FOLLET.

SAME *against* BEMISS.

Where separate suits are brought against the *maker* and *endorsor* of a note, and separate judgments recovered, the plaintiff is entitled to the costs in each suit. The statute (sess. 24 c. 90. s. 14.) does not apply to this case.

AT the last *February* term, the plaintiff, *Austin*, sued *David Bemiss*, jun. and *Otis Follet*, and *David Bemiss*, in two separate actions, on a promissory note, dated 11th *November*, 1808; the former as *makers*, and the latter as *endorsor* of the same note. The proceedings in each suit were separate, and judgments taken in each, separately, by *cognovit actionem.* The question presented on these facts was, whether the plaintiff could recover costs in both suits, or in one only.

- *Per Curiam.* The plaintiff is entitled to the costs of each suit. (1 *Str.* 515.) The statute allowing a recovery of costs in one suit only, when several suits are brought upon the same instrument, does not apply to this case, but to cases in which separate suits are brought upon the same note or bond, when one suit would have served. Here the suits against the *maker* and *endorsor* were necessarily distinct, and could not have been consolidated, for they were distinct contracts. The observation in 1 *Johns. Rep.* 293.(a) intimating that costs in

(a) LIVINGSTON *against* BISHOP.

In *Gilmore* v. *Carr*, in the supreme court of *Massachusetts*, (2 *Mass. Rep.* 171.) it was decided, that where the endorsee had recovered judgment

both suits were not recoverable in a case like this, must have arisen from some inadvertence, for no such idea was ever entertained by any member of the court.

and satisfaction of the endorsor of a note, he could not have his costs in a suit previously commenced against the maker. In *Turin* v. *Morris*, (2 *Dallas*, 115.) in the supreme court of *Pennsylvania*, it was decided, that though but one satisfaction can be recovered, yet that execution may issue in all the actions against the several parties to a promissory note; and where a judgment had been obtained for the debt and costs against the drawer, the court allowed judgment to be entered against the endorsor, in the suit against him, for the costs.